UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH CONLIN

    Plaintiff,

-vs-                                      CASE NO. 1:16-cv-01140
                                          HON. ROBERT J. JONKER

VILLAGE OF CENTREVILLE,
DEREK J. GUTHRIE, DAVID R. RICHMOND,
and LUKE J. DELCOURT,
in their individual and official capacities,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES | PLUNKETT COONEY |
|---|---|
| CHRISTOPHER J. TRAINOR (P42449) | ROBERT A. CALLAHAN (P47600) |
| AMY J. DEROUIN (P70514) | Attorney for Defendants |
| Attorneys for Plaintiff | 950 Trade Centre Way, Ste. 310 |
| 9750 Highland Road | Kalamazoo, MI 49002 |
| White Lake, MI 48386 | 269-226-8851 |
| (248) 886-8650 | 269-382-2506-fax |
| (248) 698-3321-fax | rcallahan@plunkettcooney.com |
| Amy.derouin@cjtrainor.com | |

## JOINT STATUS REPORT

      **NOW COME** the parties, by and through their respective attorneys, and in accordance with the Court's *Notice of Scheduling Conference* [Docket No. 8] submit the following Joint Status Report:

      A Rule 16 Scheduling Conference is scheduled for January 5, 2017, before the Hon. Robert J. Jonker. Appearing for the parties as counsel will be:

                Attorneys for the Plaintiff:    Amy J. DeRouin (P70514)

                Attorney for the Defendants:  Robert A. Callahan (P47600)

1. **<u>JURISDICTION</u>:**

The basis for this Honorable Court's jurisdiction is 28 U.S.C §1331 (federal question), 28 U.S.C § 1343 (civil rights).  This Honorable Court also has supplemental jurisdiction over Plaintiff's state law claims, assault and battery and gross negligence.  Defendants do not object to jurisdiction.

2. **<u>JURY</u>:**

This case will be tried before a jury.

3. **<u>JUDICIAL AVAILABILITY</u>:**

The parties do not agree to have a United States Magistrate Judge conduct dispositive proceedings (such as summary judgment motions), trial, and to order the entry of final judgment but are agreeable for the United States Magistrate Judge to preside over discovery proceedings.

4. **<u>STATEMENT OF THE CASE</u>:**

   (i) **Plaintiff's Position**

On September 19, 2014, Plaintiff was a passenger in his girlfriend's vehicle when the two of them got into a verbal argument.  At the time of their argument, they were parked at the Shell Gas Station located at 201 E. Main Street in the Village of Centerville, MI.  Defendant Richmond approached the vehicle and ordered Plaintiff to exit in which he complied with said order. Defendants Richmond and Delcourt then threw Plaintiff to the pavement and handcuffed him without any lawful justification. Defendants then escorted Plaintiff to the patrol vehicle and slammed Plaintiff's head onto the vehicle. Upon information and belief, Defendant Guthrie was present during Defendants Richmond and Delcourt's unlawful arrest of Plaintiff and failed to intervene to stop their unlawful actions, which caused injuries to Plaintiff. EMS was subsequently called to the scene due to Plaintiff's injuries. Plaintiff was subsequently arrested

and taken to the Three Rivers Hospital where he received medical treatment for his injuries as well as continued medical treatment.

Accordingly, Plaintiff filed the instant case and alleges the following claims against Defendants: (1) violation of the Fourth Amendment, 42 U.S.C. § 1983 excessive force; (2) a *Monell* claim against the Village of Centreville for its failure to adequately train and supervise its police officers; (3) gross negligence; and (4) assault and battery.

  (ii) **Defendants' Position**

Plaintiff was extremely intoxicated and combative the evening of September 19, 2014. It is believed he had been found unconscious in Three Rivers earlier in the evening, and taken to Three Rivers Hospital where he was combative with medical care providers. Upon discharge, he called a former girlfriend who was bringing him to Centreville. Because of Plaintiff's behaviors, the former girlfriend pulled into a Shell gas station parking lot, where Richmond and Delcourt were talking. She asked for assistance with plaintiff, and plaintiff refused to comply with the requests for cooperation made by Richmond and Delcourt. Plaintiff was not slammed to the ground or against a car. He did hit his head when Richmond and Delcourt were attempting to get him into the back of the squad car, and he further injured himself by slamming his head against the window while inside the squad car. Guthrie responded to calls for assistance, and did not arrive until plaintiff was inside the squad car. Because plaintiff had injured his forehead, he was taken to the hospital for treatment. He later pled guilty to the charges of assaulting the officers and resisting and obstructing. No excessive force was used on plaintiff.

5. **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS:**

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by February 20, 2017.

6. **DISCLOSURES AND EXCHANGES:**

(i) Fed. R. Civ. P. 26(a)(1) disclosures:  Plaintiff - February 6, 2017; Defendants - February 20, 2017.

(ii)  Fed. R. Civ. P. 26(a)(2) disclosures: Plaintiff - July 5, 2017; Defendants - July 19, 2017.

(iii) Fed R. Civ. P. 26(a)(3) disclosures: Plaintiff - At least 30 days before trial; Defendants – at same time as 26(a)(1) disclosures.

(iv) None. The parties expect to handle all production of documents through traditional discovery.

7. **DISCOVERY:**

The parties believe that all discovery proceedings can be completed by September 5, 2017.  The parties recommend the following discovery plan:

The parties will engage in fact discovery where they will explore Plaintiff's claims and Defendants' defenses.  The parties will limit their interrogatories to not exceed more than 25, including subparts.  Discovery depositions will be limited to no more than 10 per side unless leave is permitted by the Court. Furthermore, the presumptive time limits for depositions (1 day of seven hours) should not be modified in this case unless by motion for good cause.

8.  **MOTIONS:**

The parties anticipate that all dispositive motions will be filed by October 5, 2017. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

9.  **ALTERNATIVE DISPUTE RESOLUTION:**

The parties agree to voluntary facilitation after the parties' depositions have been taken in this matter.

10. **LENGTH OF TRIAL:**

Counsel estimates the trial will last approximately 3.5 days, allocated as follows: 2.5 days for Plaintiff's case and 1 day for Defendants' case.

11. **PROSPECTS OF SETTLEMENT:**

The parties have not engaged in settlement negotiations prior to the filing of this lawsuit. However, the parties intend to engage in said settlement negotiations after the Rule 16(f) conference has been held and after initial discovery has been conducted.

**12. ELECTRONIC DOCUMENT FILING SYSTEM:**

    The parties agree to abide by the Local Civil Rule 5.7(a).

Respectfully Submitted,

| | |
|---|---|
| s/ Amy J. DeRouin_____ | s/ Robert A. Callahan_____ |
| Amy J. DeRouin (P70514) | Robert A. Callahan (P47600) |
| Attorney for Plaintiff | Attorney for Defendants |