UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH CONLIN,

    Plaintiff,

-vs-

VILLAGE OF CENTREVILLE, DEREK J. GUTHRIE, DAVID R. RICHMOND, and LUKE J. DELCOURT, in their individual and official capacities,

    Defendants.

Case No: 1:16cv-1140
Honorable Robert J. Jonker

_____

| | |
|---|---|
| Christopher J. Trainor (P42449) | Robert A. Callahan  (P47600) |
| Amy J. DeRouin (p70514) | PLUNKETT COONEY |
| CHRISTOPHER TRAINOR & ASSOCIATES | Attorney for Defendants |
| Attorneys for Plaintiff | 950 Trade Centre Way, Suite 310 |
| 9750 Highland Road | Kalamazoo, MI  49002 |
| White Lake, MI 48386 | (269)  226-8856 |
| (248)  866-8650 | (269)  382-2506 fax |
| (248)  698-3321 fax | rcallahan@plunkettcooney.com |
| Amy.Derouin@cjtrainor.com | |

## **DEFENDANTS' STATEMENT OF CASE AND ELEMENTS**

**Statement of Case**

    This case arises out of an incident occurring on September 19, 2014, between Plaintiff Conlin and Defendant Delcourt. At the time of the incident, Defendant Delcourt was the chief of police for the Defendant Village of Centreville. Plaintiff Conlin claims that Defendant Delcourt used excessive force against him while he was handcuffed during the course of his arrest. This violated his civil rights under the Fourth Amendment to the United States Constitution, which prohibits the use of excessive force during an arrest. In addition, Plaintiff Conlin alleges that Defendant Village of Centreville is liable for Delcourt's

constitutional violations against Plaintiff Conlin asserting he was the chief policymaker for the Village of Centreville. Plaintiff claims the Defendant Village of Centreville is also liable because it engaged in constitutional violations with respect to customs, practices and/or policies relating to the failure to adequately train and/or supervise its officers regarding the appropriate use of force. Plaintiff Conlin claims that he suffered injuries and damages as a result of Defendants' actions and/or inactions. Defendant Delcourt denies that any force was used was excessive. Defendant Village of Centreville also denies Plaintiff Conlin's claims.

**Elements**

**A.    Fourth Amendment Excessive Force**

The factors to be considered in determining whether the use of force employed by Defendant Delcourt against Plaintiff Conlin was excessive are as follows:

1. Defendant Delcourt acted under color of state law (this element has not been met);

2. Defendant Delcourt deprived Plaintiff Conlin of his Fourth Amendment right to be free from the use of excessive force; and

3. As a proximate result, Plaintiff suffered injuries and damages.

**B.    *Monell* Claims Against Defendant Village of Centreville**

The facts to consider in considering whether to attribute liability to Defendant Village of Centreville:

1. Whether the actions of Defendant Delcourt, as the chief of police, against Plaintiff Conlin deprived Plaintiff Conlin of his Fourth Amendment rights;

2. Whether Defendant Village of Centreville had a custom or policy or practice of failing to train or supervise its police officers; and

3. Was the failure to train, supervise, and/or the fact that Defendant Delcourt was the chief policymaker for Defendant Village of Centreville caused Defendant Delcourt's unconstitutional acts against Plaintiff Conlin.

Dated  February 13, 2018　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　PLUNKETT COONEY


　　　　　　　　　　　　　　　　　　By:     /s/ Robert A. Callahan
　　　　　　　　　　　　　　　　　　　　　Robert A. Callahan (P47600)
　　　　　　　　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　　　　　　　950 Trade Centre Way, Suite 310
　　　　　　　　　　　　　　　　　　　　　Kalamazoo, MI  49002
　　　　　　　　　　　　　　　　　　　　　**Direct Dial:  269/226-8856**

Open.00560.63551.19900589-1